| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | |
| RETIREMENT FUND, LOCAL 597; | ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | CIVIL ACTION |
| WELFARE FUND, LOCAL 597; | ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | |
| TRAINING FUND, LOCAL 597; the | ) | NO.:  10-CV-7302 |
| BOARD OF TRUSTEES of the CHICAGO AREA | ) | |
| MECHANICAL CONTRACTING INDUSTRY | ) | |
| IMPROVEMENT TRUST; | ) | JUDGE:  DOW |
| THE PIPE FITTERS' ASSOCIATION, | ) | |
| LOCAL 597 U.A.; BOARD OF TRUSTEES | ) | |
| of the PIPE FITTERS' INDIVIDUAL | ) | MAGISTRATE |
| ACCOUNT and 401(K) PLAN; and | ) | JUDGE:  COLE |
| BOARD OF TRUSTEES of the PIPE FITTING | ) | |
| COUNCIL OF GREATER CHICAGO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PRAIRIE MECHANICAL, INC., | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO REINSTATE LAWSUIT AND FOR JUDGMENT

NOW COME the Plaintiffs, the Board of Trustees of the Pipe Fitters Retirement Fund,

Local 597, *et al.*, by and through their attorneys, Johnson & Krol, LLC, and pursuant to this Court's

Order of January 18, 2011, move to Reinstate the Lawsuit and for Judgment against the Defendant

Prairie Mechanical, Inc. and in support state as follows:

1.      Plaintiffs are the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, the

Board of Trustees of the Pipe Fitters Welfare Fund, Local 597, the Board of Trustees of the

Pipe Fitters Training Fund, Local 597, the Board of Trustees of the Chicago Area

Mechanical Contracting Industry Improvement Trust,  the Board of Trustees of the Pipe

Fitters' Individual Account and 401(k) Plan and the Board of Trustees of the Pipe Fitting Council of Greater Chicago (collectively "Trust Funds"), and Pipe Fitters' Association, Local 597 U.A ("Union").

2.    The Defendant is Prairie Mechanical, Inc. ("Prairie").

3.    On or about November 12, 2010, Plaintiffs filed their Complaint in the above-captioned matter.

4.    On or about January 18, 2011, this Court entered an Order Dismissing the Lawsuit Without Prejudice and With the Retention of Jurisdiction to Enforce the Terms of the Parties' Secured Settlement Agreement of March 11, 2010 (hereafter referred to as the "Order"). The Secured Settlement Agreement was attached to the Order as Exhibit A.  (Docket No. 19)(A copy of the Order is attached as Exhibit 1).

5.    At the time that the Order was entered, there were two Defendants.  The other Defendant, Michael Kluck filed for bankruptcy on January 31, 2012 (Case No.  12-03351).  This motion is only for relief against Prairie as any and all actions against Michael Kluck are now stayed by the Automatic Stay.

6.    Pursuant to the Order and Secured Settlement Agreement, Prairie is required to submit twenty-three (23) monthly payments, beginning on February 1, 2011, to the Plaintiffs in the amount of $3,141.83 each, at an interest rate of 6.00%, paying off a principal balance of $65,299.98.  (Exhibit 1).

7.    Pursuant to the Order and Secured Settlement Agreement, Prairie is required to submit two (2) monthly payments, beginning on January 1, 2013, to the Plaintiffs in the amount of $5,832.59 each, at an interest rate of 0.0%, paying off the remaining principal balance of $11,665.17.  (Exhibit 1).

8.  The terms of the Secured Settlement Agreement provide that in the event that Prairie defaults on any of its obligations under the terms of the Secured Settlement Agreement:

    A.)  All remaining payments will be accelerated and become immediately due and payable;
    B.)  Prairie hereby confess[es] judgment for any and all unpaid amounts;
    C.)  An additional liquidated damages charge of 10% of all unpaid amounts shall become due and payable by Prairie; and
    D.)  In the event the Trust Funds and/or Union are required to engage an attorney to collect any amounts due under this Agreement, Prairie shall be liable for all reasonable attorney's fees and costs incurred by the Trust Funds and Union.  (Exhibit 1).

9.  The terms of the Secured Settlement Agreement also provide that Prairie shall submit contribution reports and payments subsequent to December 1, 2010, in a timely manner and the late payment of contribution reports and payments shall constitute a default of the Secured Settlement Agreement.  (Affidavit of Michael Maloney is attached as Exhibit 2).

10.  Prairie is in default of the Secured Settlement Agreement because it has failed to submit its contribution payment for the month of December 2011 and owes contributions in the amount of $10,319.98.  (Affidavit of Michael Maloney is attached as Exhibit 2).

11.  As a result of Prairie's failure to submit contribution payments in a timely manner, Prairie owes $15,139.69 in liquidated damages and interest.  (Exhibit 2).

12.  As result of Prairie's breach of the Secured Settlement Agreement, all unpaid amounts have been accelerated and Prairie owes the Plaintiffs $46,523.69 in unpaid principal pursuant to the Secured Settlement Agreement.  (Exhibit 2).

13.  The Secured Settlement Agreement further states that upon default Defendant Prairie "confess[es] judgment for any and all unpaid amounts." (Exhibit 1).

14.  The Plaintiffs seek to reinstate the law suit and for judgment against Defendant Prairie pursuant to the Confession of Judgment.

15. Defendants have failed to submit their Contribution Report and payment for the month of January 2012. (Exhibit 2).

16. Defendants currently owe Plaintiffs $5,409.35 in unpaid attorney's fees and costs pursuant to the Collective Bargaining Agreement, Trust Agreements, Secured Settlement Agreement and 29 U.S.C. §1132(g)(2)(D). (Affidavit of Attorney's Fees is attached as Exhibit 3).

**WHEREFORE, Plaintiffs request the following:**

A. That the Court reinstate the matter against Prairie pursuant to its Order of January 18, 2011;

B. That Judgment be entered in favor of Plaintiffs and against Defendant Prairie in the amount $46,523.69 for unpaid principal pursuant to the breached Secured Settlement Agreement;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Prairie in the amount of $10,319.98 for unpaid contributions owed for the month of December 2011;

D. That Judgment be entered in favor of Plaintiffs and against Defendant Prairie in the amount of $15,139.69 for unpaid liquidated damages and interest;

E. That Defendant Prairie be ordered to submit its Contribution Report for the month of January 2012 to Plaintiffs' counsel within five (5) days from the date of service of the Order;

F. That Judgment be entered in favor of Plaintiffs and against Defendant Prairie for all unpaid contributions, liquidated damages and interest owed for the month of January 2012;

4

G.    That Plaintiffs be granted leave to move to amend the Judgment once the Contribution Report for January 2012 has been submitted and the total aggregate liability of Defendant can be determined;

H.    That judgment be entered in favor of Plaintiffs and against Defendant Prairie in the amount of $5,409.35 for all reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, Secured Settlement Agreement and 29 U.S.C. §1132(g)(2)(D); and

I.    That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

**TRUSTEES OF THE PIPE FITTERS RETIREMENT FUND, LOCAL 597** *et al.*

By:    /s/ Jeffrey A. Krol - 6300262
        One of Plaintiffs' Attorneys

JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, IL 60606
(312) 372-8587